**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Cleveland MOORE, Defendant-Appellant.**

**No. 73–1128**

**Summary Calendar.**[*]

United States Court of Appeals, Fifth Circuit.

May 7, 1973.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Defendant-appellant, Cleveland Moore, was convicted by a jury of unlawfully possessing with the intent to distribute a controlled substance, to wit, heroin, in violation of Title 21 U.S.C. Section 841(a)(1). We affirm.

On the basis of information derived from undercover sources that Moore was going to fly from Dothan, Alabama, to New York to obtain a new supply of heroin to distribute, Alabama police officers secured a warrant to arrest appellant's person and to search his baggage for heroin. The police officers watched Moore depart on a commercial flight bound for Newark, New Jersey, and executed the warrants three days later upon his return to the Alabama airport. The fruits of the search of appellant's baggage included a receipt for registered mail, which was promptly delivered to the U.S. Postal Inspector who then secured a Federal search warrant for the package corresponding to the registered mail receipt taken from Moore's person. The package contained heroin and was used as the basis for the conviction appealed from.

We have reviewed appellant's specifications of error with care and find none to be of merit: (1) the arrest by the Alabama authorities was executed pursuant to a valid arrest warrant and the subsequent decision not to prosecute appellant in the state courts does not invalidate such arrest, United States v. Seay, 5 Cir. 1970, 432 F.2d 395, 400; (2) a more thorough search of appellant's person was still incident to an arrest when conducted shortly thereafter at the jail rather than at the time and place of arrest, United States v. Gonzalez-Perez, 5 Cir. 1970, 426 F.2d 1283, 1287; (3) the search of appellant's clothing was not unreasonable, Gurleski v. United States, 5 Cir. 1968, 405 F.2d 253, 256–260, and the seizure of the reg-

L. H. Walden, Montgomery, Ala., for defendant-appellant.

Ira DeMent, U. S. Atty., D. Broward Segrest, Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

istered mail receipt was permissible even though it was not an instrumentality of the crime itself, Warden v. Hayden, 1967, 387 U.S. 294, 300, 87 S.Ct. 1642, 1646–1647, 18 L.Ed.2d 782, 788; (4) the federal warrant to search the package was not based on information received as the result of an illegal search since there was no illegal search; (5) the affidavits for both warrants were based on information sufficiently supported by underlying circumstances to find the degree of "probable cause" necessary to validate the warrants; and (6) the evidence was sufficient to sustain a verdict of guilty, Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

Affirmed.